UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | MAGISTRATE ACTION NO. C-09-248 |
| | § | |
| MANUEL MARTINEZ JR | § | |

### MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f).  The following requires detention of the defendant pending trial in this case:

(1)   There is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(A); and

(2)   The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The evidence against the defendant is substantial.  The defendant admitted he was being paid to transport marihuana.  The findings and conclusions contained in the Pretrial Services Report are adopted, supplemented by the testimony of Agent Johnson and the defendant's wife.  This offense involves almost 4,400 kilograms of marihuana.  The defendant is facing a minimum mandatory sentence of ten years.  He has not produced a co-surety sufficient to secure a bond.  The

defendant was supposed to be working with a DEA agent when he was arrested for transporting aliens and when he was arrested in this case. Agent Johnson testified that the agent with whom the defendant was supposed to be working had lost contact with the defendant, and in any event had not been able to give the agent any useful information. This case reflects that the defendant indeed had contacts sufficient to transport ton quantities of marihuana, and that he failed to give this information to the agent. The defendant was dishonest in his dealings with the defendant, and is not trustworthy insofar as bond matters are concerned. He is a poor bond risk.

     The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

     ORDERED this 27th day of March, 2009.

/s/ B. Janice Ellington
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE